BYRNES, Judge.
Peoples Bank and Trust Co. initiated a “Suit On Capitilized (sic) Note” under the Louisiana Consumer Credit Law against Hugh C. Morton on April 7, 1982 in the First City Court of New Orleans. Morton filed an answer and reconventional demand on April 27, 1982. The first paragraph of his answer states: “Defendant denies that the PEOPLES BANK & TRUST CO., is a Louisiana Corporation licensed under L.S. A.-R.S. 9:3510 et seq.” In his reconven-tional demand he claimed that the bank violated the provisions of the Louisiana Consumer Credit Law in making the loan and that he was entitled to dismissal of the suit together with $5,000.00 in damages and attorney’s fees.
At trial an officer of the bank testified as to the existence of the note and that the defendant signed the note in her presence. *225 This was the only testimony offered by either party. Defense counsel then moved for dismissal stating:
“... In the petition it is alleged that the plaintiff organization is qualified to make these loans. This is specifically denied in our answer and there’s (sic) has been no evidence introduced that they are qualified to make these loans, therefore, we move for a dismissal.”
Judgment was rendered the next day in favor of the Bank for the unpaid amount of the note, together with attorneys fees and interest. From this judgment, defendant appeals, urging two specifications of error.
The first error urged by the defendant is that the trial court erred in granting judgment on a loan allegedly made under the Louisiana Consumer Credit Law without requiring proof that the loan maker was licensed to make such loans.
The second specification of error is that the trial judge erred in failing to grant reasonable attorney’s fees to Morton for defense of this suit plus penalties.
The first paragraph of defendant’s answer purports to deny the status of Peoples Bank & Trust. Although it is not so couched this denial is equivalent to a dilatory exception of lack of procedural capacity. La.C.C.P. Article 4912(D) states that in City Court a defendant shall include all of his exceptions in his answer. Article No. 855 of the Code of Civil Procedure states in part that procedural capacity is presumed unless challenged by the dilatory exception. At trial, although capacity was challenged by the first paragraph of the defendant’s answer, no evidence was offered to substantiate his challenge. The trial judge was therefore correct in not accepting as true the appellant’s unsubstantiated allegation of lack of procedural capacity. Having disposed of appellant’s first specification of error, we need not address ourselves to the second specification.
The judgment of the lower court is therefore affirmed with all costs of this appeal to be born by the defendant-appellant.
AFFIRMED.'
CIACCIO, J., concurs.